HARDY, Judge.
This is a sequestration suit in which plaintiff seeks to recover possession of an automobile described in the petition, and further prays for the recognition of his title to said automobile as being his separate property. The defendant in suit is plaintiff’s former wife, from whom he is separated from bed and board but not finally divorced.
In answer to plaintiff’s petition defendant, by way of reconvention, alleges her *268 right to the automobile, together with other personal property, as belonging to her own separate and paraphernal estate. Defendant also makes claims to recognition of her interest in certain described community property. Finally, defendant claimed and prayed for the allowance of the sum of $100 per month as alimony.
' After trial there was judgment recognizing the claims of the defendant wife to •certain property, both real and personal.
The judgment was silent with reference to the prayer for alimony and can only be construed as a rejection of the wife’s ■claims thereto. From this judgment the plaintiff has appealed and the defendant has answered the appeal, seeking the amendment of the judgment.
In the record we note a motion for new trial filed on behalf of plaintiff in which, inter alia, the following grounds are set up:
“That the said judgment is indefinite and uncertain for the following reasons:
“(a). That the property is not sufficiently described in the said judgment and contains no certainty of description that would serve as the basis for a partition suit or a partition by licitation, and that there is nothing definite in said judgment to determine what actually composes the community property and what is actually composed of separate and paraphernal property, and further that said judgment contains the stipulation that your plaintiff is entitled to be reimbursed for all of his separate funds expended for the purchase or building of any of the above described community property, and there is no possible way or manner of determining what funds or how much this plaintiff should be reimbursed, and in truth and in fact the said judgment in its total phase lacks sufficient definiteness and sincerity to constitute a judgment which could be passed upon by a Court of Appeal.
“(4) That the said judgment would be returned from the Court of Appeal for the taking of further evidence in connection therewith and to refuse to re-open the case would serve only as delay in this matter, and to re-open the case for the purposes hereinabove set forth would be to expedite the final conclusion herein.”
Referring to the judgment we find it reads, in part, as follows:
“It Is Ordered, Adjudged and Decreed that there be judgment herein in favor of the defendant, Margaret R. Jarmon, and against the plaintiff, Clayton, J. Jarmon, recognizing the said defendant to be the owner, as her separate property, of the following described property, to-wit:
“One .lot of dishes, all lamps, a radio, •a cooking utensils, all linens, quilts and the defendant’s own wearing apparel located in the last matrimonial domicile at Bernice, Louisiana, and ordering the plaintiff to deliver said property to her.
“It Is Further Ordered, Adjudged and Decreed, that the following described property be decreed to be community property between the plaintiff and the defendant, owned by them in the proportion of an undivided one-half interest each, to-wit:
“(1) One 1949 model 'Chevrolet Club Coupe automobile, Motor No. GAA-165444.
“(2) The family home and garage, built by the parties after marriage, located on a lot in Bernice, Louisiana, belonging to the father of the plaintiff.
“(3) A certain 1947 model truck, equipped with trailer, as claimed in the recon-ventional demand by the defendant.
“(4) A lot of hay, stored in a barn in Bernice, Louisiana.
“(5) All household furniture, fixtures, stoves, refrigerator, and other household equipment located in the last family home, in Bernice, Louisiana at the time of the separation between the parties.
“It Is Ordered, Adjudged and Decreed, however, that the plaintiff, Clayton J. Jar-mon, shall have the right to be reimbursed for all of his separate funds expended for the purchase or building of any of the above described community property.”
In the answer to appeal before this Court it is noted that, together with other relief, defendant prays that the portion of the judgment securing the right of plaintiff to reimbursement for separate funds expend *269 ed on community property be stricken therefrom. The basis for this relief is asserted as being the fact that “there were no allegations or pleadings to support such provision, and there is no evidence in the record to definitely fix any such expenditure of separate funds.”
 Careful examination of the record in connection with the judgment convinces us that both parties are right, at least to a degree. The judgment is so vague and uncertain as to prohibit any definite, conclusive and final determination of the rights between the parties. In our opinion any attempt by this 'Court to pronounce on the matters comprehended in the appeal would simply result in a continuation of the existing uncertainties and more than likely in additional litigation between the parties.
We further note in the prayer of defendant for relief upon her reconventional demands she asked for a money judgment with respect to any property that might Lave been disposed of by the plaintiff. The record does not with certainty indicate whether or not such disposition has been made of all or any part of the property and rights claimed by the defendant wife.
Under the condition of the record we find at this time we are able to pronounce only upon one point, that is, the right of the plaintiff to have the court adjudicate his claims to reimbursement. Technically, it is true that this claim is beyond the pleadings, but in view of the fact that it was made necessary by defendant’s recon-ventional demand, which plaintiff is not required to answer under our rules of procedure, we think it was properly considered.
Under these circumstances we think it necessary to remand the case, expressing the belief and hope that the parties litigant may be able to reach an adjustment by agreement.
Accordingly, it is ordered, adjudged and decreed that this case foe and it is hereby remanded to the Honorable the Third District Court in and for the Parish of Union, State of Louisiana, there to be reopened for the purpose of a certain and accurate determination of the matters involved as a basis for a definite and .complete judgment. Costs of this appeal are to be borne by plaintiff and all other costs are to await final determination hereof.